UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 NOV 12 PM 1:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SHAWN HICKS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-03-S-0215-NE |
| HR IV, LLC, *et al.*, | ) |
| Defendants. | ) |

**ENTERED**

**NOV 1 2 2003**

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to compel[1] and defendant's motion for a protective order.[2] Plaintiff seeks to compel a response, or a more complete response, to thirteen of the interrogatories and thirteen of the requests for production it submitted to defendant on April 30, 2003.[3] Plaintiff's counsel certified that he attempted in good faith to resolve the dispute without court intervention.[4] Defendant filed a response to the motion on October 21, 2003, and moved for a protective order to protect it from being required to respond to plaintiff's Rule 30(b)(5) requests at the deposition of defendant's designated representative.[5] Since the filing of plaintiff's motion, defendant has submitted supplemental responses to plaintiff's interrogatories and requests for production,[6] in which it either

---

[1] Doc. no. 24.
[2] Doc. no. 30.
[3] Specifically, plaintiff's motion concerns Interrogatories 6, 9, 10, 11, 12, 13, 14, 15, 17, 19, 20, 21, and 22; and Requests for Production 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, and 16.
[4] *See* motion to compel at ¶ 7.
[5] Doc. no. 30.
[6] *See id.* at Exhibits A & B.

removed its objection or provided a more complete response to many of the discovery requests at issue.[7] Accordingly, a dispute remains regarding only the following items of discovery: Interrogatories 15, 17, 19, 21, and 22; and Requests for Production 6, 7, 11, 12, and 16.

## I. FACTUAL BACKGROUND

Plaintiff, who suffers from cerebral palsy and is confined to a wheelchair, worked as a cashier at defendant's Huntsville, Alabama, Hardee's restaurant from sometime in 1997 until December of 2001.[8] Plaintiff alleges: that he was harassed at work because of his disability; that he did not receive the same pay increases as other employees without disabilities; that his hours were cut because of his disability; and that he was terminated because of his disability.[9] plaintiff has asserted federal claims based upon the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1981,[10]

---

[7]Defendant has retained its objections to some of the discovery requests on the basis that disclosing the information sought would violate the attorney-client privilege or work product doctrine. In these instances, defendant has provided a response to plaintiff's request, subject to the applicable privilege.

[8]*See* doc. no. 1 (complaint, appended to notice of removal) at ¶ 1.

[9]*See generally id.*

[10]The court does not understand why defendant has not moved to dismiss plaintiff's § 1981 claim. It is clearly established that § 1981 addresses only *racial* discrimination. *See, e.g., Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60, 95 S. Ct. 1716, 1720, 44 L. Ed. 2d 295 (1975) ("§ 1981 affords a federal remedy against discrimination in private employment on the basis of race."); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 436, 88 S. Ct. 2186, 2201, 20 L. Ed. 2d 1189 (1968) ("In light of the concerns that led Congress to adopt it and the content of the debates that preceded its passage, it is clear that the Act was designed to do just what its terms suggest: to prohibit all racial discrimination, whether or not under color of law. . . ."); *Little v. United Technologies*, 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981 is concerned with *racial* discrimination in the making and enforcement of contracts.") (emphasis in original) (citations omitted). Section 1981 does *not* apply to claims of disability discrimination, which is the nucleus of all claims alleged in plaintiff's complaint. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1411 (10th Cir. 1997); *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 258 (8th Cir. 1996); *Williamson v. Hartmann Luggage Co.*, 34 F. Supp. 2d 1056, 1063 (M.D. Tenn. 1998).

as well as state law claims for breach of contract, outrage, fraud, and respondeat superior.[11] Defendant asserts that plaintiff was not terminated because of his disability, but because of his "continued use of profanity and other inappropriate behavior in the store . . . despite write-ups and verbal warnings."[12]

## II. STANDARD OF REVIEW

The permissible scope of plaintiff's interrogatories and requests for production is defined by the general discovery standard of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33 and 34. The Federal Rules allow a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Further, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Finally, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

## III. DISPUTED INTERROGATORIES

The following interrogatories remain in dispute:

**A.    Interrogatory Number Fifteen**

Plaintiff's fifteenth interrogatory asks defendant to "[i]dentify each and every person whose employment has been voluntarily or involuntarily terminated from the Huntsville restaurants within the last five (5) years."[13] Defendant asserts this request is overbroad and

---

[11] *Id.*
[12] *See* motion to compel at Exhibit B, ¶ 7.
[13] *See* doc. no. 30 (response to motion to compel) at Exhibit B, ¶ 15.

irrelevant because plaintiff has not asserted a "pattern or practice" claim. Unquestionably, the interrogatory is too broad and burdensome. To the extent plaintiff requests information regarding persons who "voluntarily" resigned their employment with defendant, he does not seek relevant evidence, nor even information that is reasonably likely to lead to the discovery of relevant and admissible evidence. Nonetheless, subject to the above objection, and to the parties' agreement, defendant has agreed to provide the requested information through deposition testimony and the production of additional documents. The court finds defendant's response to this interrogatory to be generous; accordingly, this aspect of plaintiff's motion to compel is due to be denied as moot.

**B.     Interrogatory Number Seventeen**

Plaintiff's seventeenth interrogatory asks defendant to "[i]dentify each and every corporation or business entity with which the defendant is affiliated in any way – as a parent company and/or as a division, subsidiary, or sister company."[14] The court interprets this request for information regarding defendant's corporate structure as an attempt to gather information regarding defendant's financial status. Plaintiff claims his requests for financial and corporate information from defendant are "calculated to lead to the discovery of any financial motive that the Defendant would have by discriminating against the Plaintiff by not paying him a wage commensurate with other similarly situated employees and for the Defendant's reason to terminate Plaintiff."[15]

---

[14] *See* motion to compel at Exhibit B, ¶ 17.
[15] Motion to compel at ¶ 4.

The financial information would also be relevant to the determination of punitive damages, in the event of such an award by a jury. Punitive damages are recoverable under the ADA, upon a showing that the employer acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(3); *see also, e.g., E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1287 (7th Cir. 1995) (upholding award of $150,000 in punitive damages for unlawful termination based on plaintiff's disability); *Sharp v. Abate*, 887 F. Supp. 695 (S.D.N.Y. 1995) (recognizing availability of punitive damages under the ADA); *Haltek v. Village of Forest Park*, 864 F. Supp. 802 (N.D. Ill. 1994) (recognizing availability of punitive damages for retaliatory employment practices under the ADA). Further, it is generally recognized that evidence of a defendant's wealth or financial status is admissible to determine an appropriate punitive damage award. *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71, 101 S. Ct. 2748, 2761-62, 69 L. Ed. 2d. 616 (1981); *Graef v. Chemical Leaman Corp.*, 106 F.3d 112, 119 (5th Cir. 1997); *Lambert v. Fulton County,* 97 F. Supp. 2d 1380, 1385 (N.D. Ga. 2000).

Defendant argues that Alabama Code § 6-11-23(b) prevents discovery of its financial information. That state code section provides, in pertinent part, that information relevant to determining a punitive damages award "shall not be subject to discovery, unless otherwise discoverable, until after a verdict for punitive damages has been rendered." Ala. Code § 6-11-23(b) (1975). One federal court in this district has applied this statute in a case where, as here, both federal and state law claims were asserted. *See Wilson v. Gillis Advertising Co.,*

145 F.R.D. 578, 582 (N.D. Ala. 1993) (Acker, J.). In *Wilson,* the plaintiff brought both Title VII and state law claims against her employer ,seeking, among other relief, punitive damages. *See id.* at 579. Judge Acker recognized the conflict between federal and state law created by Alabama Code § 6-11-23(b). *See id.* at 581-82. Under Title VII, as under the ADA, evidence regarding a defendant's financial status is discoverable, as relevant to punitive damages, from the outset of suit. *See id.* at 582. On the other hand, under the Alabama statute applicable to her state-law claims, no discovery about the defendant's financial status could be had until liability for punitive damages had been established. *See id.* Judge Acker crafted the following means of dealing with the conflict:

> In order to minimize, if not to solve, the problem inherent in the conflicting state and federal rules here applicable, and the inefficiencies of a bifurcated trial, this court will employ the following procedure. The trial will be held on all counts simultaneously, with the jury deciding first only the questions of liability as to all of plaintiff's various theories which survive defendant's anticipated motion under Rule 50(a), F.R.Civ.P. If the jury finds a defendant liable for potential punitive damages on any state law claim or claims, the jury will then be called upon to assess punitive damages for the state claims, without having heard any evidence as to the defendant's financial worth. Only then, if liability has been determined against a defendant on one or more of the federal claims, will evidence be presented as to that defendant's financial worth, after which the jury will be called upon to assess punitive damages on the federal claims.
>
> In order to maintain fidelity to § 6-11-23, the discovery of Gillis Advertising's financial worth by plaintiff will be postponed until all questions of liability have been determined. As was noted earlier, many federal courts allow for pretrial discovery of an alleged tortfeasor's financial condition, but there is authority for delaying discovery until after the trier of fact has determined the question of liability. *See, e.g., Brink's Inc. v. City of New York,* 717 F.2d 700, 707 (2d Cir.1983). Therefore, all defendants will be required to furnish to the court in camera well before trial an accurate statement of their respective net worths, certified by a certified public accountant pursuant to generally accepted accounting principles. The said reports will be furnished by the court to counsel for plaintiff immediately upon any finding of liability by the jury on a federal claim if there has been an evidentiary basis other than the financial worth of a defendant for the imposition of

punitive damages against that defendant.

*Id.* (footnote omitted).

This court, like Judge Acker in *Wilson*, recognizes the potential conflict, but chooses a different route to resolve it. Plaintiff's ADA claim will be severed from his state law claims, and the former claim will be tried first. In that trial, evidence of defendant's net worth or financial status may be presented as relevant to the determination of the amount of a punitive damage award, should one be deemed appropriate under the evidence presented. Only upon the conclusion of that trial will plaintiff's supplemental state law claims be presented to a separate jury, and in that trial all evidence of defendant's wealth (or lack thereof) will be excluded. Under this framework, information regarding defendant's financial status is presently discoverable, with the assurance to defendant that no such information will be presented at the trial regarding plaintiff's supplemental state law claims.

Accordingly, this aspect of plaintiff's motion to compel is due to be granted, but only in part. The court finds that plaintiff's interrogatory, as stated, is too broad in temporal scope. Plaintiff is entitled to receive the above-requested financial information, but only for the present and for the present, and for the time frame in which plaintiff was terminated.

### C.     Interrogatory Number Nineteen

Plaintiff's nineteenth interrogatory asks defendant to "[i]dentify the jurisdiction, style, and case number of each and every lawsuit in which the defendant has been named as a party."[16] Plaintiff fails to make any substantial argument in support of the discoverability of

---

[16] *See* response to motion to compel at Exhibit B, ¶ 19.

this information. Instead, plaintiff only states that his disputed interrogatories, in general, are

> necessary to obtain or lead to the discovery of evidence that the Defendant discriminatorily treated the Plaintiff by administering policies and procedures unfairly against only the Plaintiff, by not paying the Plaintiff what the Defendant paid other similarly situated employees without disabilities, and by disciplining the Plaintiff in a discriminatory fashion, differently from employees without a disability.[17]

This information regarding other lawsuits filed against defendant is not relevant to plaintiff's claims. As defendant points out, plaintiff has asserted only individualized discrimination claims, not a class or so-called "pattern or practice" claim; accordingly, only information regarding plaintiff's employment itself is relevant to his claims. *See Palmer v. Board of Regents of the University System of Georgia,* 208 F.3d 969, 973 (11th Cir. 2000) (district court's refusal to allow evidence of previous lawsuits against defendant was not an abuse of discretion because the other suits "involved different decision-makers, different departments, and different hiring processes"). Further, even if relevant, information regarding other lawsuits against defendant would likely be excluded as prejudicial because it would carry a high risk of confusing the jury. *See* Fed R. Civ. P. 403; *see also Schrand v. Federal Pacific Electric Co.,* 851 F.2d 152, 156 (6th Cir. 1988) (testimony from other employees of the defendant employer regarding their termination was not relevant, when a different decisionmaker was involved in plaintiff's situation, and when plaintiff did not assert a pattern and practice claim; even if relevant, the probative value of the evidence would be

---

[17]Motion to compel at ¶ 4.

substantially outweighed by the risk of unfair prejudice and confusion of the issues); *Grayson v. K-Mart Corp.,* 849 F. Supp. 785, 791 (N.D. Ga. 1994) (probative value of admitting evidence of other lawsuits was substantially outweighed by the danger of unfair prejudice and confusion of the issues, even when plaintiff *did* assert a pattern and practice claim). Thus, interrogatory nineteen is not likely to lead to any admissible evidence, and this aspect of plaintiff's motion to compel is due to be denied.

**D.     Interrogatory Number Twenty-One**

Plaintiff's twenty-first interrogatory asks defendant to "[i]dentify each employee whose employment was terminated whether voluntarily or involuntarily within the last five (5) years."[18] This interrogatory is identical to interrogatory number fifteen, which the court previously characterized as overly broad and burdensome, except it is not limited to defendant's Huntsville restaurants. Defendant correctly objected to this interrogatory as overbroad and irrelevant, particularly because it is unlimited as to time, nature, and scope, and because plaintiff does not assert a "pattern and practice" claim. Nonetheless, subject to the above objection, and to the parties' agreement, defendant has agreed to provide some of the requested information, for defendant's Huntsville stores only, through deposition testimony and through the production of additional documents. Because the parties have agreed to this geographic limitation, this aspect of plaintiff's motion to compel is due to be denied as moot.

---

[18]*See* response to motion to compel, Exhibit at ¶ 21.

E.     **Interrogatory Number Twenty-Two**

Plaintiff's twenty-second interrogatory asks defendant to "[s]tate whether or not the defendant has received or made any financial report or evaluation within the last seven (7) years. If so, please identify who made the report or evaluation."[19] The court interprets this request as another attempt to gather financial information about defendant, which is discoverable. Accordingly, this aspect of plaintiff's motion to compel is due to be granted, but only in part. Plaintiff's interrogatory is, again, too broad. Plaintiff is entitled to receive the above-requested financial information, but only for the present time, and for the period during which plaintiff was terminated.

## IV. DISPUTED REQUESTS FOR PRODUCTION

The following requests for production remain in dispute:

A.     **Request Number Six**

Plaintiff's Request for Production Number Six asks defendant to reveal "[a]ny and all documents relating in any way to employees with disabilities, including but not limited to, the defendant's policies and procedures relating to employees with disabilities."[20] Defendant objected to this request, asserting the attorney-client privilege, and arguing that the request is overbroad and irrelevant. Subject to its objections, however, defendant produced its Employee Handbook and Reporting Notice, specifying the relevant portions. The court finds defendant's response to be sufficient. Accordingly, this aspect of plaintiff's motion to

---

[19] *See id.* at Exhibit B, ¶ 22.
[20] *See* response to motion to compel at Exhibit A, ¶ 6.

compel is due to be denied as moot.

**B.     Request Number Seven**

Plaintiff's Request for Production Number Seven asks defendant to reveal "[a]ny and all documents relating in any way to any claims of discrimination filed against the defendant."[21] Plaintiff again fails to make any substantial argument in support of the discoverability of this information. Instead, plaintiff only states that his disputed requests "seek[] documents that would evidence the Defendant's discriminatory practices against the Plaintiff."[22] The court has already held that information about past lawsuits against defendant is not discoverable. The same analysis applies to past charges of discrimination filed against defendant. Only information related to *plaintiff's* employment relationship with defendant is relevant to plaintiff's claims. Information regarding other employees' relationships with defendant is not relevant to plaintiff's claims, and even if it was relevant, it would be too prejudicial to be admitted. *See Palmer,* 208 F.3d at 973; *Schrand,* 851 F.2d at 156; *Grayson,* 849 F. Supp. at 791. Accordingly, this aspect of plaintiff's motion to compel is due to be denied.

**C.     Request Number Eleven**

Plaintiff's Request for Production Number Eleven asks defendant to reveal "[a]ny and all documents evidencing or relating to any pro forma analysis, report, investigation and/or study which contains as a subject the economic/financial impact of workers' compensation

---

[21]*See id.* at Exhibit A, ¶ 7.
[22]*See* motion to compel at ¶ 5.

-11-

claims."[23] The court has already held that information regarding defendant's financial status is generally discoverable to establish punitive damages. However, the court cannot discern how the financial impact of a workers' compensation claim upon the defendant is relevant to plaintiff's claims in this suit, particularly because plaintiff has not asserted a workers' compensation claim. Accordingly, this aspect of plaintiff's motion to compel is due to be denied.

**D.     Request Number Twelve**

Plaintiff's Request for Production Number Twelve asks defendant to reveal "[a]ny and all documents evidencing or relating to any financial evaluation, report and/or study made by or on behalf of the defendant within the last seven (7) years."[24] Clearly, this request is an attempt to gather financial information about defendant. As stated above, information regarding defendant's financial status is discoverable. Accordingly, this aspect of plaintiff's motion to compel is due to be granted, but only in part. Plaintiff's request is, again, too broad. Plaintiff is entitled to receive the above-requested financial information, but only for the present and for the time period during which plaintiff was terminated.

**E.     Request Number Sixteen**

Plaintiff's Request for Production Number Sixteen asks defendant to reveal "[a]ny and all documents relating to any litigation involving the defendant as a party."[25] As more fully set forth above, information about other lawsuits against defendant is not discoverable.

---

[23]*See* response to motion to compel at Exhibit A, ¶ 11.
[24]*See id.* at Exhibit A, ¶ 12.
[25]*See id.* at Exhibit A, ¶ 16.

Accordingly, this aspect of plaintiff's motion to compel is due to be denied.

## V. DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Plaintiff noticed the deposition of defendant's designated representative, which was originally scheduled to take place on October 13, 2003.[26] The deposition was later rescheduled for November 11, 2003.[27] Plaintiff also served Rule 30(b)(5) requests for production of documents at the deposition.[28] Defendant objected to each of plaintiff's requests[29] and filed for an order to protect it from responding to the requests.[30] Almost all of the requests are either identical, or substantially similar, to the interrogatories and requests for production that are the subject of plaintiff's motion to compel. Accordingly, many of the issues have been resolved, either through the agreement of the parties, or through this court's order on the motion to compel.

Through supplemental responses to plaintiff's interrogatories and requests for production, defendant has either removed its objection, or provided a response subject to its objection, to the following numbered items about which plaintiff requests documents to be produced at the deposition: 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 14, 15, 16, and 17. Because defendant has already provided, or has agreed to provide, responsive information on these topics, it cannot now argue that discovery may not be had on the topics. Nonetheless,

---

[26]*See* response to motion to compel at Exhibit C.
[27]*See* doc. no. 31 (defendant's supplemental submission in support of protective order) at Exhibit A.
[28]*See id.*
[29]*See* response to motion to compel at Exhibit D.
[30]Doc. no. 30.

defendant should not be required to reproduce documents at the deposition that it has already produced in response to plaintiff's interrogatories or requests for production. Accordingly, defendant's motion for a protective order regarding the above-numbered Rule 30(b)(5) requests is due to be granted, but only to the extent that it covers documents that defendant has already provided to plaintiff. If defendant has any additional documents responsive to these Rule 30(b)(5) requests, it must produce them at the deposition.

The remaining Rule 30(b)(5) requests concern topics which the court has discussed above in its ruling on plaintiff's motion to compel. The ninth Rule 30(b)(5) request seeks "[t]estimony, documents, and/or any and all information and materials evidencing or relating in any way to any claims of discrimination filed against the Defendant."[31] The eighteenth request seeks "[t]estimony, documents and/or any and all information and materials evidencing or relating to all lawsuits to which the Defendant was a party."[32] As more fully set forth above, the court has already held that no information regarding past lawsuits or charges of discrimination filed against defendant is discoverable in this action. Accordingly, defendant's motion for a protective order, with regard to plaintiff's Rule 30(b)(5) requests numbered 9 and 18, is due to be denied.

The first Rule 30(b)(5) request asks for "[t]estimony, documents, and/or any and all information and materials evidencing or relating to the corporate structure of the Defendant, HR IV, L.L.C."[33] The thirteenth request seeks "[t]estimony, documents, and/or any and all

---

[31] *Id.* at Exhibit A, ¶ 9.
[32] *Id.* at Exhibit A, ¶ 18.
[33] *See* doc. no. 31 (defendant's supplemental submission in support of protective order) at Exhibit A.

information and materials evidencing or relating to any pro forma analysis, report, investigation, financial evaluation, financial report, and/or financial study conducted by or for the Defendant within the last five (5) years."[34] As more fully set forth above, the court has already held that information regarding defendant's financial status, financial resources, and corporate structure is discoverable in this action. However, the requests are too broad. Accordingly, defendant's motion for a protective order, with regard to plaintiff's Rule 30(b)(5) requests numbered 1 and 13, is due to be granted, but only in part. Defendant is required to produce the above-requested financial information, but only for the present time period and for the time period during which defendant was terminated.

## VI. COSTS

Plaintiff asks the court to award him the "cost and reasonable expenses in making the motion, including reasonable attorney's fees and any other relief . . . that the Court deems justified."[35] The court would be more inclined to grant such a motion, if one had been filed by defendant's attorneys, in view of plaintiff's overly broad and burdensome discovery requests. Even so, because parts of plaintiff's motion to compel were granted, the court believes the best solution is to require each party to bear his or its own expenses. *See* Fed. R. Civ. P. 37(a)(4)(C) (allowing the court to "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner" when the motion is granted in part and denied in part). Accordingly, the aspect of plaintiff's motion seeking

---

[34]*Id.* at Exhibit A, ¶ 13.
[35]Motion to compel at 4.

costs is due to be denied.

An appropriate order will be entered contemporaneously herewith.

DONE this 12th day of November, 2003.

_____
United States District Judge